**O**

**JS-6**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEST AVIATION LTD.,

Plaintiff,

v.

RONNI CHOWDRY; and ATLAS AVIATION, LLC,

Defendants.

Case No. 2:12-cv-05852-ODW(VBKx) [18]

Case No. 2:12-cv-05853-ODW(VBKx) [22]

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

## I. INTRODUCTION

Plaintiff Best Aviation brings this action against Ronni Chowdry and Atlas Aviation LLC for: (1) breach of contract; (2) money had and received; (3) conversion; (4) intentional misrepresentation; (5) negligent misrepresentation; (6) concealment; (7) violation of California Business and Professional Code section 17200; (8) breach of fiduciary duty; and (9) declaratory relief. Defendants now move to dismiss Best Aviation's Complaints. For the reasons discussed below, Defendants' motions are **GRANTED**.[1]

[1] After carefully considering the papers filed in support of and in opposition to the instant motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

## II. FACTUAL BACKGROUND

### A. ALLEGATIONS RELATED TO CASE NO. 2:12-CV-05852 (AIRCRAFT LEASE)

In December 2010, a Best Aviation representative traveled to Los Angeles, California to meet with Chowdry, a citizen of Bangladesh, to negotiate an aircraft lease for a set of airplanes located in China. (Compl. ¶ 12.); (Mot. 11.) After agreeing to terms, Best Aviation, a corporation of Bangladesh, signed a letter of intent with Chowdry. (Compl. ¶¶ 3, 12.)

In February 2011, Chowdry sent documents to Best Aviation related to a different set of airplanes located in Spain. (Compl. ¶ 13. ) After inspecting the planes, Best Aviation concluded the Spanish aircrafts would be an acceptable substitute. (*Id.*) The first lease agreement for the planes located in China was subsequently rescinded. (Compl. ¶ 29.)

As a condition of a new lease for the Spanish planes, Chowdry demanded a bank guarantee and Best Aviation offered to provide $2,500,000 in advanced payments instead. (Compl. ¶ 13.) Once Chowdry signed a letter of intent to purchase the Spanish aircraft from a third party, Best Aviation and Atlas allegedly created a new agreement.[2] (*Id.*) Best Aviation alleges it made a $2,500,000 advanced payment to Atlas in accordance with the newly developed agreement. (Compl. ¶14.)

In May 2011, Defendants informed Best Aviation that financing had been arranged for the airplanes through Laserline Lease Finance Corporation ("Laserline") and their representative, Mark Eddington, a citizen of the United States. (Compl. ¶ 15.); (Opp'n 3, 7.) Best Aviation, Laserline, and Chowdry restructured the lease to include Chowdry as a broker to a lease agreement between Laserline and Best Aviation. (Compl. ¶ 15.) Atlas then transferred $1,500,000 of the funds received from Best Aviation under the original agreement, to Laserline. (*Id.*) Best Aviation alleges the remaining balance was never returned. (*Id.*)

---

[2] Best Aviation fails to supply the Court with evidence of an enforceable agreement between Defendants and Best Aviation.

### B. FACTS RELATED TO CASE NO. 2:12-CV-05853 (GROUND SUPPORT)

In November 2011, Best Aviation's CEO Ricky Frick allegedly entered into an agreement with Atlas for ground support equipment in exchange for $1,114,870.[3] (Compl. ¶ 9.) In accordance with the alleged agreement, Best Aviation provided Atlas with a $670,000 deposit. (Compl. ¶ 10.) Atlas was to send the ground support equipment in three separate shipments scheduled to commence in November 2011 with each subsequent shipment made fifteen days after the last. (Compl. ¶ 11.)

In December 2011, Best Aviation had yet to receive a shipment and contacted Chowdry regarding the timing of the shipments and their deposit. (*Id.*) Chowdry represented that the deposit was safe and all shipments were to be made as required. (*Id.*) The first shipment was sent on December 29, 2011. (Compl. ¶ 12.) After learning the first shipment was on its way, Best Aviation released $301,270 to Atlas through their line of credit. (*Id.*) Best Aviation alleges Defendants failed to properly document the shipment resulting in Best Aviation's inability to access the equipment once it arrived in Bangladesh. (*Id.*) The second and third shipments were never sent. (*Id.*)

Best Aviation repeatedly inquired about the second and third shipments and if Atlas would remedy the issue created by the alleged improper documentation. (Compl. ¶ 13.) In response, Chowdry represented he was attempting to resolve the issues. (*Id.*) On April 10, 2012, Best Aviation informed Chowdry their alleged agreement was canceled for non-performance. (*Id.*) Best Aviation requests the deposit of $670,000 be returned less $18,000.60 for shipping costs. (*Id.*)

## III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint

[3] Best Aviation failed to provide the Court with evidence—other than an invoice—showing an enforceable agreement existed.

need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 566 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts"

supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

Defendants move to dismiss Best Aviation's Complaint for: (1) lack of standing; (2) forum non conveniens; (3) failure to allege personal liability; (4) violating the group pleading rule; and (5) insufficient pleading. The Court addresses each argument in turn.

### A. STANDING

Defendants argue that Best Aviation is not a corporation in good standing and therefore lacks standing to bring suit in California.[4] (Mot. 5–8.) Standing is a challenge to the Court's subject matter jurisdiction and may be raised at any time. *United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997). A foreign corporation's capacity to sue is determined "by the law under which it was organized." Fed. R. Civ. Proc. 17(b)(2). Best Aviation alleges it is a corporate entity doing business in Bangladesh. Best Aviation provides a number of qualifying documents that appear to be valid licenses for operation in Bangladesh. (Frick Decl. Ex. 1–2.) Because Best Aviation demonstrates it is a corporation in good standing in Bangladesh, the Court finds Best Aviation has the capacity to sue. (*Id*.)

### B. FORUM NON CONVENIENS

Forum non conveniens is an "exceptional tool" to be used "sparingly". *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002) (quoting *Ravelo Monegro v.*

---

[4] For simplicity, the Court cites only to the record in Case No. 12-cv-05852 unless otherwise noted.

*Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)). In order to grant dismissal on the grounds of forum non conveniens, the movant must show: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal. *Bos. Telecomms. Grp., Inc., v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009). The burden lies with the defendant to prove an adequate alternative forum exists. *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983). Finally, before dismissing for forum non conveniens, courts are at times required to undertake a choice of law determination. *Lueck v. Sandstrand Corp.*, 236 F.3d 1137, 1148 (9th Cir. 2001).

*1. Choice of Law*

When considering a dismissal, the choice of law analysis is determinative only "when the case involves a United States statute requiring venue in the United States." *Id.* Accordingly, "the choice of law determination is given much less deference on a forum non conveniens inquiry." *Id.* The Court finds no applicable statute requires venue in the United States.

Best Aviation posits California law should govern the action because the letter of intent identifies California as the appropriate forum to settle disputes. (Opp'n 10–11.) But, the Court does not find an enforceable contract between the parties.

Best Aviation refers to various letters of intent, but none of the exhibits contain an enforceable agreement signed by Chowdry or any Best Aviation representative. The only document bearing Chowdry's signature is a rescinded letter of intent related to the first set of aircraft located in China. (Compl. ¶ 29 (stating the agreement was rescinded).); (Compl. Ex. 2.) Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell*, 266 F.3d at 988.

A contract for the sale of goods exceeding $500 is "not enforceable" without a writing "signed by the party against whom enforcement is sought . . . ." Cal. Com. Code § 2201. Since there is no writing signed by Chowdry or Atlas evidencing a contract, the Court finds it unreasonable to infer the existence of an enforceable

contract. Without a valid choice of law clause or a valid contract, the action hardly requires venue within the United States or application of California law.

Best Aviation also fails to establish a valid contract governing the ground support equipment.[5] The Complaint alleges an agreement between Best Aviation and Atlas, but the only document evidencing the agreement is an invoice. (Compl. Ex. 1.) Because Best Aviation fails to establish the terms of the so-called agreement, the Court fails to find any term showing that California law governs the action.

*2. Adequate alternative forum*

The existence of an adequate alternative forum depends on whether the alternative forum is "so clearly inadequate or unsatisfactory that it is no remedy at all." *Leetsch v. Freedman*, 260 F.3d 1100, 1103 (9th Cir. 2001) (quoting *Creative Tech. Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 701 (9th Cir. 1995)). This requirement is generally met if the defendant is amenable to service of process in the alternative forum. *Leetsch*, 260 F.3d at 1103. "Amenability to service of process, however, is not the only determinant of a forum's adequacy." *Id.* Jurisdiction of the foreign court and competency to decide the legal questions involved are also considered. Courts hold that "the amenability issue may be resolved by inquiring whether the [Bangladeshi] court system has the jurisdiction and competence" to resolve the dispute. *Leetsch*, 260 F.3d at 1103 (citing *Cheng*, 780 F.2d at 1410–11).

Defendants argue that Bangladesh is an adequate alternative forum in which to conduct litigation. (Mot. 8–10.) Defendants direct this Court's attention to Bangladeshi statutes allowing a plaintiff to bring the same causes of action alleged here. (*Id.*) Defendants also offer expert testimony showing all the causes of action Best Aviation asserts have analogues in Bangladesh and that the civil court system in Bangladesh is "analogous to the impartial judiciary" present in the United States. (Hossain Decl. ¶¶ 16–17.) Defendants' expert also submits that a United States corporation and its principal may be sued in Bangladesh. (*Id.* ¶ 6.) Based on the

[5] This paragraph discusses and cites to the record in Case No. 12-cv-05853.

expert's declaration and exhibits, the Court finds that Bangladeshi courts have both the jurisdiction and competency to decide the claims at issue.

Best Aviation provides no expert testimony to the contrary. Instead, Best Aviation argues because Atlas is a Washington, D.C. limited liability corporation the Court is "prohibit[ed] from dismissing this action." (Opp'n 6.) But this argument does not withstand scrutiny because Defendants indicate a willingness to submit to jurisdiction in Bangladesh. (*See* Reply 2–3) When a defendant willingly submits to jurisdiction in a foreign forum, a court may grant a forum non conveniens dismissal. *See Van Schijndel v. Boeing Co.*, 434 F. Supp. 2d 766, 755 (C.D. Cal. 2006). Thus, the Court is not prohibited from dismissing the action.

Best Aviation offers no other arguments tending to show that Bangladesh is an inadequate forum. (Opp'n 6–7.) Accordingly, the Court finds that Defendants have demonstrated an adequate alternative forum.

*3. Private interest factors*

When balancing the private interest factors the Court considers:

> (1) The residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Lueck*, 236 F.3d at 1145. The Court examines each factor in turn.

First, the Court considers the residence of the parties and witnesses. Best Aviation and its employees are citizens of Bangladesh and Atlas is a District of Columbia limited liability corporation authorized to do business in California. (Compl. ¶¶ 3, 5.) One third party witness, Mr. Eddington, is a resident of California. (Opp'n 7.) Defendants identify several additional witnesses residing in Bangladesh, including the Chairman of Best Aviation and other corporate officers. (Mot. 10.) The Ninth Circuit instructs "a court should evaluate 'the materiality and importance of the anticipated [evidence and] witnesses' testimony and then determine[ ] their

accessibility and convenience to the forum.'" *Lueck*, 236 F.3d at 1146 (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335–36 (9th Cir. 1984)). Here, the majority of witnesses are located in Bangladesh. Litigating the dispute in Bangladesh—where these important and material witnesses are located—ensures that they will be accessible for trial. This factor thus favors dismissal.

Next, the Court evaluates the forum's convenience to the litigants. Defendants argue that some witnesses may not be available for trial because they are unable to leave Bangladesh. (Mot. 11.) Litigating in Bangladesh puts this concern to rest. Best Aviation and its employees, excepting Frick, are located in Bangladesh. Further, resolving a dispute in your home forum is hardly inconvenient. Defendants also indicate a willingness to submit to jurisdiction in Bangladesh, impliedly conceding that the alternative forum is convenient. This factor likewise favors dismissal.

Third, the Court weighs the parties' access to physical evidence and other sources of proof. The documents and records pertinent to the suit are presumably located at the respective offices of Atlas and Best Aviation. The airplanes and ground support equipment both appear to be located overseas. As documents can be transported with ease, the planes are overseas, and the ground support equipment is located in Bangladesh, the Court finds this factor favors dismissal.

Fourth, the Court assesses whether unwilling witnesses can be compelled to testify. Defendants' contend that some witnesses may be unavailable for trial if the suit progresses here. (Mot. 11.) Best Aviation maintains it has the ability to produce pertinent witnesses if trial proceeds here. This factor weighs in favor of denying the dismissal. Fifth, the Court considers the cost of bringing witnesses to trial. A majority of the witnesses reside in Bangladesh and would need to be deposed or appear at trial. If the suit resolves in Bangladesh, the cost of bringing witnesses to trial would be greatly reduced because numerous international flights would not be required. This factor favors dismissal.

Sixth, the Court weighs the enforceability of the judgment. Defendants correctly identify the Uniform Foreign Money-Judgments Recognition Act, which gives foreign country judgments enforceability in California. Cal. Civ. Proc. Code § 1719 (2008). Under this act, a judgment rendered by a Bangladesh court would be enforceable in California. This factor also supports dismissal.

Finally, the Court examines all other practical problems that make trial of a case easy, expeditious, and inexpensive. Best Aviation argues that Atlas is not subject to jurisdiction in Bangladesh, but Chowdry, as a citizen of Bangladesh, is. (Opp'n 8.) Best Aviation concludes that a forum non conveniens dismissal would result in two trials. *Id.* Best Aviation's contention is erroneous and unsupported because a dismissal for forum non conveniens would end the dispute here. Further, the undisputed evidence suggests Bangladeshi courts have jurisdiction over both Chowdry and Atlas, who so consented. (Reply at 2; Hossain Decl. ¶ 6.) Defendants submit that many witnesses are unable to leave Bangladesh because they are under indictment or on bail. (Mot. 11.) Best Aviation does not dispute this claim. Instead, Best Aviation maintains the witnesses are under party control but that Best Aviation "can produce the individuals if need be." (Opp'n 7.) In order to ensure these witnesses will be available, the Court is inclined to dismiss the action. For the reasons discussed above, the balance of private interest factors favors dismissal.

*4. Public interest factors*

The public interest factors are: (1) the local interest in the lawsuit; (2) the court's familiarity with governing law; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to a particular forum. *Lueck*, 236 F.3d at 1147. The court evaluates each in turn.

First, California courts, jurors and citizens have little interest in the claims of a Bangladeshi corporation against a limited liability corporation based in Washington, D.C. Best Aviation contends that the agreement with Atlas was negotiated and executed in California (Compl. ¶ 12), but the Court finds that no enforceable

agreement exists. Without an agreement negotiated and executed in California, there is little, if any, local interest in this lawsuit.

Second, while there is no evidence Bangladeshi courts are familiar with California law; California law may not even apply. Regardless, Defendants provide Bangladeshi analogues for each of the nine causes of action showing that whichever law is applied—Bangladesh or California—a court in Bangladesh would be able to navigate the lawsuit effectively. Burdening the Court and California jurors with a suit unrelated to California also favors dismissal. Fourth, Best Aviation's contention that high population density renders Bangladeshi courts overly congested is unavailing. (Opp'n 9.) Population density does not necessarily equate to court congestion. And finally, resolving the dispute here causes the Court to expend valuable resources hearing a case completely unrelated to California. In sum, the balance of the public interest factors favors dismissal.

## V. CONCLUSION

For the reasons discussed above, Bangladesh is an adequate alternative forum and the balance of private and public interest factors favors dismissal. Accordingly, the Court **GRANTS** Defendants' motions to dismiss for forum non conveniens.

**IT IS SO ORDERED.**

November 7, 2012

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**